## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JORGE ISAAC CABRERA CABRERA, :　　No. 3:26cv1077
　　　　　Petitioner　　　　　　:
　　　　　　　　　　　　　　　　:　　(Judge Munley)
　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
CRAIG LOWE, Warden; PIKE　　　　:
COUNTY CORRECTIONAL FACILITY; :
TODD LYONS, ICE Director; and　　:
TODD BLANCHE, Acting US Attorney :
General,　　　　　　　　　　　　:
　　　　　　Respondents　　　:

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Petitioner

Jorge Isaac Cabrera Cabrera pursuant to 28 U.S.C. § 2241.  Petitioner

challenges his present detention at the Pike County Correctional Facility in Lords

Valley, Pennsylvania ("Pike CCF") by Immigration and Customs Enforcement

("ICE") and the Department of Homeland Security ("DHS"). (Doc. 1, Pet. ¶ 2).

For the reasons set forth below, the petition will be granted, and Cabrera will be

released.[1]

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Cabrera filed the instant petition while detained at Pike CCF which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Cabrera is a native and citizen of Venezuela. (Doc. 6-2, Resp. Ex. 1, Form I-213 at 3).  Respondents' records indicate that, upon his detention, Cabrera "contacted his spouse [.]" (Id. at 5). Beyond that notation, however, the record contains no information regarding petitioner's marital status and does not indicate whether he has any children.  Likewise, the record contains little, if any, information concerning petitioner's employment history.

Cabrera entered the United States without inspection at an unknown location on or about June 15, 2022 without having been admitted or paroled. (Id. at 4).  On August 17, 2022, Cabrera was released from custody on parole pursuant to Form I-94 because of detention capacity constraints. (Id.)

On June 14, 2023, Cabrera filed a Form I-589, Application for Asylum and for Withholding of Removal. (Id.)  According to respondents, petitioner's asylum application remains pending and Cabrera has not yet been interviewed. (Id.)

On February 9, 2026, Cabrera was arrested by ICE in Mount Laurel, New Jersey. (Id. at 5).  Following his arrest, Cabrera was advised of his right to contact the Venezuelan consulate but he declined to do so. (Id.)   Petitioner was initially detained at the Delaney Hall detention facility, and on April 15, 2026, transferred to Pike CCF (Id. at 5; see also Doc. 6-4, Resp. Ex. 3, Alien Address at 1).

Cabrera was thereafter served with a Warrant of Arrest and a Notice to Appear charging him as removable pursuant to Section 212(a)(6)(A)(i) and Section 212(a)(7)(A)(i)(I) of the INA on the grounds that he entered the United States without being admitted or paroled and was not in possession of valid entry documents. (Doc. 6-4, Ex. 2, Notice to Appear at 1, 4).

The Notice to Appear initially scheduled a virtual hearing before an Immigration Judge ("IJ") for March 9, 2026. (Id. at 1). Respondents represent, however, that Cabrera first appeared before an IJ on May 3, 2026. (Doc. 6, Resp. Br. at 6). Petitioner was thereafter scheduled for another virtual hearing on June 8, 2026. (Id.) Cabrera's next hearing with an IJ is currently scheduled for July 30, 2026.[2] Accordingly, Cabrera's removal proceedings remain pending.

With his petition for writ of habeas corpus, Cabrera argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing. Petitioner requests his immediate release from detention. (See Doc. 1, Pet. ¶¶ 13, 14, 15).

---

[2] See Executive Office for Immigration Review ("EOIR") Automated Case Information at: https://acis.eoir.justice.gov/en/ (last accessed June 29, 2026).

3

On behalf of respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.[3]  Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[4]  See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d

---

[3] Respondents contend that the only proper respondent is Craig Lowe, the Warden of Pike CCF. (Doc. 6, Resp. Br. at 18).  Here, consistent with Padilla, Cabrera has named the Warden as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.").  Because petitioner has named a proper respondent, the court need not determine whether the remaining respondents should be dismissed.

To the extent that Craig Lowe is the only proper respondent in this matter, Lowe is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

[4] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4,

Cir. 2026); <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713, 731-32 (6th Cir. 2026); <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, 175 F.4th 1258, 1280-81 (11th Cir. 2026); <u>see</u> <u>also</u> <u>Castanon-Nava v. U.S. Dep't of Homeland Sec.</u>, 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).  The respondents indicate their awareness of these prior outcomes. (Doc. 6, Resp. Br. at 2-3) (collecting cases).  The court thus reads the response as not contesting the facts of Cabrera's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

    With respect to this matter, the court sees no reason to deviate from <u>Hernandez Alvarez</u>, <u>Barbosa da Cunha</u>, <u>Lopez-Campos</u>, or its prior decisions.[5] Because the parties frame Cabrera's detention as governed by either of these two statutory provisions, the court concludes that Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.[6]

---

2026) (Brann, C.J.); <u>Hernandez v. Kunes</u>, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); <u>Chaudhari v. Rose</u>, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

[5] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in <u>Morocho v. Jamison</u>, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), <u>app. filed sub nom.</u> <u>Morocho v. Warden Phila. FDC</u>, No. 26-1150 (3d. Cir. Jan 22. 2026) and <u>Andrade v. Rose</u>, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), <u>app. filed sub nom.</u>, <u>De Andrade v. Director Phila. Field Off. Immig.</u>, No. 26-1454 (3d Cir. Mar. 2, 2026).

[6] Cabrera is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a).  However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in Cabrera's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled.  People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

---

and authorization. Barbosa da Cunha, 175 F.4th at 78.  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

Cabrera has been in ICE custody since February 9, 2026 approximately four months and two weeks. "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Cabrera's continued imprisonment at Pike CCF pursuant to a mandatory detention statute violates his constitutional rights.[7] Respondents' records further

---

[7] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409

state that petitioner "has no criminal history." (Doc. 6-2, Resp. Ex. 1, Form I-213, at 4). Thus, the record contains no evidence that Cabrera poses either a danger to the community or a flight risk.

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). Cabrera's continued detention without bond under Section 1225(b)(2)(A) violates his due process rights. The circumstances presented here demonstrate that release is the appropriate remedy. Therefore, respondents shall immediately release Cabrera from custody because he has been unlawfully detained without the opportunity for a bond hearing. See Kashranov v. Jamison, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (Wolson, J).

Respondents will be temporarily enjoined from re-arresting Cabrera for a period of seven days to ensure the effectiveness of the habeas remedy. Id.

---

(D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372. As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

Respondents, including ICE, may not impose additional conditions on Cabrera's release, including any form of body-worn electronic monitoring.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Cabrera's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) Cabrera's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) Respondents shall **immediately** release Cabrera from their custody;

4) On or before **July 2, 2026 at 12:00 noon**, respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Cabrera has been released;

5) Respondents shall release Cabrera under the same circumstances that existed prior to his detention, including, release: (1) within the area near where petitioner lives or was employed; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondent or by any contracted or affiliated facility;

9

6) Respondents are temporarily enjoined from re-arresting Cabrera for a period of 7 days to ensure that this habeas remedy is effective; and

7) The Clerk of Court is directed to **CLOSE** this case.

Date: 6/29/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court